J. Leon Lazarowitz et al., Appellants, v. Dominick Vitale et al., Respondents.— The action is for specific performance of a contract for the sale of a house by defendants to plaintiffs. During the pendency of the action defendants conveyed title to the house to plaintiffs, and the action was continued for the purpose of procuring money damages claimed to have been sustained by plaintiffs as a result of delay in the conveyance. At the close of plaintiffs' case the complaint was dismissed, and the appeal is by plaintiffs from the ensuing judgment in favor of defendants. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ.

■

Edward Miro, Plaintiff, v. Bernard Gottheim, Defendant. (Action No. 1.) Bernard Gottheim, Appellant, v. Edward Miro, Respondent. (Action No. 2.) — As the result of a collision of two automobiles, Bernard Gottheim commenced in the City Court of the City of New York, Queens County, on July 10, 1953, an action against Edward Miro for damages for injury to person and property (Action No. 2). Miro instituted an action for damages for personal injuries against Gottheim on April 3, 1954, in the Supreme Court, Queens County (Action No. 1). Gottheim appeals from an order granting Miro's motion removing the city court action and consolidating it with the Supreme Court action. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The City Court action is ready for trial. The Supreme Court action will not be reached for nearly four years. In the light of this fact and the diligent commencement of the City Court action, it was an improper exercise of discretion to grant the motion for consolidation. (*Casanave* v. *Robbins,* 262 App. Div. 873; *Friedman* v. *Kleinman,* 275 App. Div. 715; *Lichtenstein* v. *Lapadula & Villiani Trucking Corp.,* 283 App. Div. 721.) Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.

■

J. Vincent O'Shea, Respondent, v. Fort Neck Construction Company, Inc., et al., Appellants, et al., Defendants.— In a taxpayer's action, under section 51 of the General Municipal Law to set aside a sale and conveyance of village land held for park purposes, or in the alternative to compel the village officials and the purchasers of the land to make good the difference between the sales prices and the market values, order, denying appellants' motion to dismiss the complaint for insufficiency and denying in part and granting in part their motion to strike out portions of the complaint as stating conclusions of law, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur. [See *post,* p. 903.]