■ GERSYL CORP. et al., Appellants, v. CITY OF NEW YORK, Respondent.— Action by an owner of real property to recover damages for injuries to his land and the building thereon alleged to have been caused by excavation on adjoining property, and by the tenant in said building to recover damages alleged to have been sustained in the disturbance of its business caused by the injuries to said building. The appeal is from an order denying a motion, pursuant to subdivision 6 of section 50-e of the General Municipal Law, to amend appellants' notice of claim theretofore filed with the respondent. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ JOHN C. GLENN, Public Administrator of Queens County, as Administrator of the Estate of ANNA L. RINGBLOM, Deceased, Respondent, v. ROBERT GILL, Appellant.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from so much of an order as, on reargument, adhered to the original decision granting a motion by the Public Administrator of Queens County for a preference. The notice of appeal states that the "original motion" will be brought up for review. Order, insofar as appealed from, affirmed, without costs. The Public Administrator of Queens County is an officer of a political subdivision of the State of New York, and in bringing this action is acting in his official capacity within the language of subdivision 1 of rule 151 of the Rules of Civil Practice. Appeal from "original motion" dismissed, without costs. No appeal lies from a motion. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ JOSEPH HALPERN, Respondent, v. ROBERT E. RODWAY et al., Copartners Doing Business under the Name of ROCKLAND PIPE AND TRENCH COMPANY, Appellants. ROBERT E. RODWAY et al., Copartners Doing Business under the Name of ROCKLAND PIPE AND TRENCH COMPANY, Appellants, v. JOSEPH HALPERN, Respondent.— In an action pending in Queens County to recover damages for the alleged breach of a contract, the appeal is from so much of an order as denied appellants' cross motion to consolidate the action with another action pending in Rockland County, between the same parties, to recover damages for the alleged breach of the same contract. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. There was no abuse of discretion by Special Term in denying the cross motion, in view of the fact that the trial of the Queens County action is imminent, while considerable time must elapse before the Rockland County action could be reached for trial. Under the circumstances, consolidation would prejudice a substantial right of the respondent as plaintiff in the Queens County action (cf. *Lichtenstein* v. *Lapadula & Villani Trucking Corp.*, 283 App. Div. 721; *Miro* v. *Gottheim*, 285 App. Div. 834). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of PAULA BRAVERMAN, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, et al., Respondents.— In a proceeding to review a determination of the State Rent Administrator, which denied a protest and affirmed an order of a local rent administrator, the appeal is from an order of the Special Term denying the petition and dismissing the proceeding. The order of the local rent administrator established the maximum rent at $95.27. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of WESTMINSTER COURT ASSOCIATES, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, et al., Respondents.— In a proceeding to review a determination of the State Rent Administrator, which