Nicholas M. Pette, J.
Motion by defendant Cona to consolidate Actions Nos. 1, 3 and 4 with Action No. 2, all of which are pending in this court.
Sole opposition to consolidation of these equity actions comes from plaintiff in Action No. 2, which was first commenced, which is the only case noticed for trial and which, indeed, is and has been since October 13, 1959, on the Beady Calendar of Special Term, Part III. The answer of one of the defendants in Action No. 4 is not due until November 8 and plaintiff in that action requests 30 days after its receipt within which to conclude all necessary pretrial proceedings. The moving defendant himself states that he is presently awaiting a bill of particulars and an examination before trial in Action No. 4.
Ordinarily, where trial of one action, which was diligently commenced, is imminent, a motion to consolidate other actions with it will be denied. (E.g., see Wheeler v. Meadowbrook Transp. Corp., 3 A D 2d 763; Halpern v. Bodway, 3 A D 2d 941; Miro v. Gottheim, 285 App. Div. 834.) The reason for such denial is that the lengthy delay resulting from the consolidation would prejudice substantial rights of the parties in the action of which trial is imminent. In the instant case, however, no lengthy delay would result from consolidation; hence, no real prejudice would be done to any substantial right of the plaintiff in Action No. 2. At the same time this court would be enabled to dispose of four actions in one trial, an obviously desirable result.
In view of the foregoing and since “ The provision of the Civil Practice Act permitting consolidation [i.e., § 96] should be liberally construed so as to permit consolidation whenever possible without injustice to any of the parties” (Bershadsky v. Harvilla, 279 App. Div. 701), the motion is granted on condition that all preliminary proceedings in Actions Nos. 1, 3 and 4 be completed or waived and those actions be ready for trial on or before December 8, 1959; otherwise, the motion is denied.
Settle order.