■ WILLIAM BIEDERMAN et al., Respondents, v. HERMAN YORKS, Respondent. (Action No. 1.) HERMAN YORKS, Appellant, v. EDNA BIEDERMAN, Respondent. (Action No. 2.) — Appeal from an order granting a motion to transfer an action to recover damages for injuries to person and property from the City Court of Long Beach (Action No. 2) to the Supreme Court, Nassau County, and to consolidate it with an action there pending (Action No. 1) to recover damages for personal injuries and for medical expenses and loss of services, on condition that the consolidated action be placed on the Supreme Court Trial Term Calendar within a stated time. The actions arose out of a collision between a motor vehicle owned and operated by the appellant and a motor vehicle owned by respondent William Biederman and operated by respondent Edna M. Biederman. Action No. 2 was imminent for trial in the City Court of Long Beach. Action No. 1 was not yet at issue when the respondents Biederman moved for consolidation. Order reversed, with $10 costs and dis-

bursements to appellant, and motion denied. Under the circumstances presented, consolidation of the two actions served to prejudice appellant's substantial right to an early trial as plaintiff in Action No. 2, since that action was scheduled for early trial, and a considerable delay was inevitable in Action No. 1, even if it were promptly moved for trial (*Miro* v. *Gottheim*, 285 App. Div. 834; *Lichtenstein* v. *Lapadula & Villani Trucking Corp.*, 283 App. Div. 721; *Halpern* v. *Rodway*, 3 A D 2d 941; *Dorney* v. *Wasmuski*, 149 N. Y. S. 2d 688). There was no showing that the imminent trial in Action No. 2 would impair or prejudice any right of the respondents Biederman. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.