■ FRANK MALLACK et al., Appellants, v. WHITE MOUNTAIN LAUNDRY, INC., et al., Respondents.— In two actions, each by a different plaintiff but against the same defendants, one action pending in the Supreme Court, Westchester County (Action No. 1), and the other pending in the Supreme Court, Bronx County (Action No. 2), to recover damages for personal injuries, both plaintiffs appeal from an order of the Supreme Court, Westchester County, dated May 3, 1960, granting the motion of the defendant corporation to consolidate the actions, by removing and consolidating the Bronx County action with the Westchester County action; by amending the title of the consolidated action accordingly; and by directing that the consolidated action proceed in the Supreme Court, Westchester County, under the calendar and index numbers previously assigned to the Westchester action. Order modified by striking out its second, third and fourth decretal paragraphs, and by substituting therefor: (1) a provision removing and consolidating the Westchester County action with the Bronx County action; (2) a provision amending the title of the consolidated action accordingly; (3) a provision directing that the consolidated action proceed in the Supreme Court, Bronx County, under the calendar and index numbers previously assigned to the Bronx action; and (4) a provision directing the Clerk of the County of Westchester to transfer all papers on file with him in the Westchester action to the Clerk of Bronx County. As so modified, order affirmed, with $10 costs and disbursements to plaintiffs payable by the defendant corporation. Plaintiffs, while working in a grease pit on a truck owned by the defendant White Mountain Laundry, Inc., sustained injuries as a result of an explosion in the pit. The pit is in Mount Vernon and is on premises leased by the defendant Laundry from the other defendant Uliano, the owner thereof. In the Westchester action (No. 1), plaintiff Mallack, a resident of Westchester County, commenced the action against both defendants in that county. In the Bronx action (No. 2), plaintiff Bracken, a resident of Bronx County, commenced the action against both defendants in that county. Both actions were commenced at the same time; issue in each action was joined on the same date; and each action was placed on the Jury Calendar in the respective counties for the March 1960 Term. Defendant Laundry moved to consolidate the actions in Westchester County. Both plaintiffs, represented by the same attorneys, objected on the ground that the plaintiff Bracken in the Bronx action would be prejudiced by the consolidation, in that there is a delay of some 45 months in obtaining a jury trial in tort actions in Westchester County, whereas there is a delay of only 24 months in Bronx County. Since the actions were started at the same time, arose out of the same accident, and involve the same issues except for damages, their consolidation was proper. In our opinion, however, it was an improper exercise of discretion to remove the Bronx County action to Westchester County in view of the trial delay of almost four years in Westchester County, compared to the two-year trial delay in Bronx County. This additional two-year delay would deprive plaintiff Bracken of a substantial right (*Friedman* v. *Kleinman*, 275 App. Div. 715; *Miro* v. *Gottheim*, 285 App. Div. 834; *Spadaccini* v. *City of N. Y.*, 9 A D 2d 502). The comparative condition of both calendars is to be given great weight in determining the appropriate county of the Supreme Court in which the consolidated action should be tried. (*Gibbs* v. *Sokol*, 216 App. Div. 260.) Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.