■ SALVATORE LA TORRE et al., Respondents, v THOMAS R. MOUNTCASTLE, Appellant. In the Matter of THOMAS R. MOUNTCASTLE, Appellant, v SALVATORE LA TORRE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered October 15, 1981 in Ulster County, which granted plaintiffs' motion to remove and consolidate. On May 4, 1981, Thomas Mountcastle entered into a contract to sell real property to Salvatore La Torre and Dorothy La Torre. Although the contract scheduled a closing for May 21;

1981, no closing occurred on that date. Thereafter, on May 29, 1981, the parties entered into an agreement whereby temporary possession of the property in question was given to the La Torres. The temporary "occupancy agreement" required the La Torres to pay adjustments and a monthly rental charge. The agreement further provided that "in no event shall the occupancy under this Agreement continue longer than July 31, 1981." After the "occupancy agreement" expired and no closing occurred, Mr. Mountcastle, on September 16, 1981, commenced a summary proceeding (RPAPL, art 7) in Town of Gardiner Justice Court to remove the La Torres. On September 18, 1981, the La Torres, by order to show cause, obtained a stay of the summary proceeding pending determination of their motion to remove the proceeding to Supreme Court and to consolidate it with a Supreme Court action they proposed to commence. Thereafter, on October 8, 1981, the La Torres commenced an action in Supreme Court against Mountcastle, seeking specific performance of the real property sale contract or, in the alternative, money damages. By order dated October 13, 1981, Special Term granted the La Torres' motion. The primary question presented on appeal is whether or not the granting by Special Term of the La Torres' motion to remove the summary proceeding and consolidate it with the Supreme Court action (see CPLR 602) was proper. We hold it was not. Firstly, contrary to the La Torres' assertion, the issues raised in the summary proceeding and Supreme Court action are dissimilar. In fact, the proceeding and action involve separate and distinct contracts. Moreover, when the La Torres made the instant motion, resolution of the summary proceeding was imminent while the action had not yet been commenced. Under these circumstances, removal and consolidation were improper (2 Weinstein-Korn-Miller, NY Civ Prac, pars 602.02, 602.11; see, also, *Biederman v Yorks*, 9 AD2d 764). Upon oral argument, the La Torres' attorney informed this court that Mountcastle had conveyed the subject property to another in August, 1981. Accordingly, counsel asserts that this appeal is moot. However, since the record and additional correspondence submitted by the parties fail to substantiate whether or not the landlord-tenant relationship between the parties has been terminated, we are unable to conclude that the appeal is moot. The La Torres should interpose their assertion of a sale as a defense to the summary proceeding (see 3 Rasch, New York Landlord and Tenant [2d ed], § 1307, pp 120-121). Order reversed, on the law and the facts, without costs, and motion to remove and consolidate denied. Mahoney, P. J., Kane, Main, Mikoll, and Yesawich, Jr., JJ., concur.