■ CLINTON S. HOPPER, Respondent, v JANET L. HOPPER, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 28, 1983 in Otsego County, upon a decision of the court at Trial Term (Harlem, J.), without a jury. ¶ Plaintiff and defendant were granted mutual divorces on the fault ground of cruel and inhuman treatment.[*] In April of 1983, Supreme Court rendered a judgment which, *inter alia,* awarded plaintiff ownership of the marital residence and directed defendant to convey any equity or interest she had in said property to plaintiff. The trial court pointed out in its decision that plaintiff was the "housemaker" for the two children involved, one his child by defendant and the other defendant's child from a prior marriage. The court also noted that, considering the amount of the mortgage on the real property as well as the amount of the judgment held by plaintiff's mother against it, the equity in the house was "practically nonexistent". ¶ On this appeal, defendant contends that the trial court improperly awarded ownership of the marital residence to plaintiff. We disagree. There should be an affirmance. ¶ We reject defendant's argument that since the parties were granted mutual divorces on the ground of cruel and inhuman treatment, fault was established on the part of plaintiff, thereby precluding an award of exclusive ownership of the marital residence to plaintiff. The instant action commenced after July 19, 1980, the effective date of part B of section 236 of the Domestic Relations Law, and contains no such prohibition. Rather, the Legislature, in enacting that section purposely omitted fault as an express factor to be considered in making equitable distribution of marital property

---

[*] On the trial of this consolidated action, Clinton Hopper was designated as plaintiff and Janet Hopper as defendant.

determinations (see Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 236, C236B:13 [1983-1984 Supp], p 160; see, also, *M.V.R. v T.M.R.*, 115 Misc 2d 674, 676). Moreover, we conclude that fault should not generally be considered in equitable distribution except in extraordinary circumstances (see *Blickstein v Blickstein*, 99 AD2d 287, 292), which are not present here. ¶ Defendant's contention that the trial court improperly considered fault in determining equitable distribution is not persuasive. Although the trial court noted in its decision that defendant's actions did not "commend * * * that any extended favorable consideration of her desires or claims * * * be projected", its determination concerning equitable distribution of the marital residence was not grounded on such factor. Rather, the trial court based its determination on two relevant and proper grounds: (1) that no equity existed in the house in light of the various liens against it so that no one would be denied distribution unfairly, and (2) that plaintiff needed the home as the custodial parent who was the "housemaker" for the two children. ¶ Defendant asserts that the trial court failed to adequately state its consideration of the factors enumerated in section 236 (part B, subd 5, par d) of the Domestic Relations Law, as required by paragraph g of subdivision 5 of that section. However, in its decision, the trial court devoted sufficient comment to each of the enumerated statutory factors to allow for adequate appellate review and to satisfy the requirement of paragraph g of subdivision 5 of the statute (see *O'Sullivan v O'Sullivan*, 94 AD2d 407, 409). ¶ In awarding plaintiff the marital residence, the trial court concluded that the house was worth approximately $25,000 based on the appraisal evidence offered. The court noted that Key Bank held an $8,503.36 mortgage on the property and plaintiff's mother held an $18,300 judgment against her son, which was based upon a sales contract or vendor's lien that she acquired against the property for selling it to the parties. The court therefore found that no real equity existed in the house and awarded it to plaintiff. We reject defendant's argument that the judgment of $18,300 held by plaintiff's mother against him was erroneously applied by the trial court in determining the amount of equity available for distribution. ¶ Plaintiff and his mother signed a contract which states: "I Clinton Hopper agree to buy farm house + parcel of land on Darling Road for $10,000 dollars [*sic*] from Lavina Hopper. I agree to pay $100.00 pr. mo. till such time that I acquire a mortgage + pay in full." ¶ Defendant did not sign this agreement. Plaintiff's mother claimed that this contract evidenced an equitable lien on the property, and plaintiff confessed judgment in the amount of $18,300 on the lien. The trial court found this judgment enforceable against both plaintiff's and defendant's interests in the marital residence. The judgment lien is enforceable against plaintiff's interest in the property but not against defendant's interest, since defendant was not named in the judgment (5A Warren's Weed, New York Real Property [4th ed], Tenancy by Entirety, § 3.05). However, a vendor's or grantor's lien was created which is enforceable against defendant's interest in the marital premises. ¶ Plaintiff and defendant were conveyed the marital premises by deed as tenants by the entirety for "one dollar and other good and valuable consideration". In New York, a purchase-money mortgage signed by only one spouse is enforceable against both spouses if the mortgage is concurrent with and a part of the act which creates an estate by the entirety (5A Warren's Weed, New York Real Property [4th ed], Tenancy by Entirety, § 4.02; see, also, *Leland v Brown*, 136 Misc 493). Although the lien in this case is based on a sales contract and a vendor's or grantor's lien, similar reasoning is applicable. ¶ A vendor's equitable or implied lien is created at the time of the execution of the contract for sale (6 Warren's Weed, New York Real Property [4th ed], Vendee and Vendor, § 6.01). Therefore, the land is encumbered with the lien from the moment of sale and the lien may be found to be

simultaneous with the sale. Further, the nonsigning spouse also receives a benefit under the deed in the instant situation, and should similarly be bound by the obligation on the property. Additionally, the trial court impliedly found that defendant knew of the contract, so that binding defendant's interest would be consistent with the rule that a vendor's lien is good against all but a bona fide purchaser (*Seymour v McKinstry,* 106 NY 230). The trial court rejected defendant's contention that she had no knowledge of the contract, and no evidence was submitted other than defendant's testimony to show that the lien is not enforceable against her. Thus, it cannot be said that the trial court erred in finding the vendor's lien binding and enforceable against defendant's interest in the property. ¶ Finally, defendant, in a reply brief, seeks to introduce new information concerning the destruction of the marital residence by fire after trial and that an insurance company gave a higher appraisal of its value than was presented at the trial. However, such new matters are not properly part of the record on appeal, and, as such, are not to be considered by the reviewing court (see *Reed v Reed,* 93 AD2d 105, 107, app dsmd *sub nom. Patricia R. v Thomas R.,* 59 NY2d 761; *Charlotte Lake Riv. Assoc. v American Ins. Co.,* 68 AD2d 151, 154-155; *Board of Trustees v Pyramid Cos.,* 51 AD2d 414, 416). ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.