■ GLORIA A. STEVENS, Respondent, v DONALD B. STEVENS, JR., Appellant. — Appeal from a judgment of the Supreme Court granting defendant a divorce, entered May 30, 1984 in Cortland County, upon a decision of the court at Trial Term (Ellison, J.), without a jury.

This appeal arises from a judgment of divorce granted to defendant on the grounds of the plaintiff's cruel and inhuman treatment and adultery. In addition to disposing of the parties' separate and marital property, the judgment directed defendant to pay: $100 per week spousal maintenance until the youngest child of the marriage, now 14, attains the age of 21; $80 per week child support for each of the parties' three children and all their medical, dental, optical, hospital and orthodontic expenses until they reach the age of 21; the mortgage, taxes and fire insurance on the marital residence until it is sold; and $4,000 in counsel fees, $1,812.31 in disbursements, $2,000 in economist and accountant fees, and $400 in pension appraisal fees. Plaintiff was also awarded exclusive use and possession of the marital residence until the youngest child becomes 21.

We disagree with but a few of the trial court's findings. Defendant correctly asserts that in determining the spousal maintenance award, the trial court neglected to speak to three of

the 10 factors set out in section 236 (part B, subd 6, pars a, b) of the Domestic Relations Law. Nevertheless, because of the comprehensiveness of the record as it relates to these factors and the court's extensive factual findings, we have opted to review the judgment (see, e.g., *Wilson v Wilson,* 101 AD2d 536, 538; *Duffy v Duffy,* 94 AD2d 711, 712).

Factors Nos. 8, 9 and 10 were not discussed by the trial court. Factor No. 8 requires that regard be given to the contributions and services of the party seeking maintenance to the career or career potential of the other party (Domestic Relations Law, § 236, part B, subd 6, par a, cl [8]). The court expressly found, however, without indicating what, if any, consideration it gave to the finding, that plaintiff had made "both direct and indirect contributions" of that character. With respect to the admonition of factor No. 9 that "the wasteful dissipation of family assets" be weighed (Domestic Relations Law, § 236, part B, subd 6, par a, cl [9]), the trial court, again without elucidation, found as a fact that: "Plaintiff has been irresponsible with the finances of the parties over the past five years and in 1982 she made checks totalling over $9,000 to department stores and generated credit charges totalling over $4,000. In 1983 these charges averaged over $250.00 per week. To hide this compulsive spending she hid bank statements from the defendant." Factor No. 10 calls for consideration of any other factor expressly found just and proper by the court (Domestic Relations Law, § 236, part B, subd 6, par a, cl [10]). Defendant contends that under this catch-all provision, plaintiff's marital fault should have been taken into account and, as a consequence, the maintenance award precluded.

In fixing the amount of maintenance, we believe that plaintiff's marital fault is relevant (see *McMahan v McMahan,* 100 AD2d 826, 827, 829 [Kassal, J., dissenting]; *Blickstein v Blickstein,* 99 AD2d 287, 293). Here, beyond openly engaging in an adulterous relationship and threatening future involvement in similar affairs, plaintiff repeatedly berated defendant in the presence of his co-workers at his place of employment, his friends and his family; on a number of occasions she physically abused defendant, striking and scratching him, pulling his hair and even biting him twice; and in the course of breaking into his locked briefcase, she wounded him with a kitchen knife. Without recounting additional instances of marital fault established at trial, we find the circumstances already outlined sufficiently egregious that it would be unjust to ignore plaintiff's behavior. Taking into account factors Nos. 8, 9 and 10, we conclude that the maintenance award should be reduced to $50 per week; this will provide plaintiff funds sufficient to keep her from becoming

a public charge. Furthermore, the maximum duration of the maintenance award is to be six years, rather than seven as fixed by the trial court. The record indicates that within six years plaintiff, who has just embarked upon a career selling real estate, is expected to become self-supporting (see *Patti v Patti,* 99 AD2d 772, 773).

While plaintiff's fault is to be heeded in arriving at the maintenance award, her misconduct in the waning months of the marriage was not, in our view, so outrageous and extreme as to work a divestiture of the property interest she earned over 15 years of marriage to defendant (see *Hopper v Hopper,* 103 AD2d 911, 912; *Blickstein v Blickstein, supra,* p 292). Accordingly, we affirm the trial court's equitable distribution determination.

The trial court's nonobservance of the statutory directive that it address all five factors pertinent to child support awards requires remittal of this matter (see *Gainer v Gainer,* 100 AD2d 533). In particular, left unaddressed are the special physical, emotional and educational needs, if any, of the children and the costs associated therewith (see Domestic Relations Law, § 236, part B, subd 7, par a, cl [2]); also overlooked were the tax consequences to the parties posed by the child support award and the relative nonmonetary contributions the parties would make toward the care and well being of the children (see Domestic Relations Law, § 236, part B, subd 7, par a, cls [4], [5]). We are unable to resolve these issues on the record as presented.

Defendant also maintains that the $8,212.31 awarded plaintiff for counsel fees, disbursements and litigation expenses was excessive. Considering the complexity of the litigation, the results obtained and the relative financial conditions of the parties, we find no abuse of discretion in this award by the trial court. The litigation involved competing divorce actions as well as issues of custody, maintenance and valuation of defendant's assets, which included a profit sharing plan, pension, stock options and bonuses; the trial lasted six days. Contrary to defendant's assertions, plaintiff's economic experts did make a significant contribution to the action, as the trial court adopted their formula for distributing the property. Moreover, plaintiff lacks the resources to pay while defendant does not. Finally, we find no merit to plaintiff's undocumented request for additional counsel fees.

Judgment modified, on the facts, without costs, by reducing plaintiff's spousal maintenance award from $100 per week to $50 per week and its maximum duration to six years; decision withheld on that portion of the appeal which seeks review of the

child support award, matter remitted to Trial Term for redetermination of child support; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.