190

PRISCILLA NOLAN, Appellant, v JAMES NOLAN, Respondent.

Third Department, March 7, 1985

## APPEARANCES OF COUNSEL

*Jeanella M. Baldwin* (*Robert W. Kahn* and *Florence M. Richardson* of counsel), for appellant.

*Anthony J. Di Caprio, Jr.,* for respondent.

## OPINION OF THE COURT

Yesawich, Jr., J.

Because of claimed cruel and inhuman treatment by defendant, plaintiff commenced this action for divorce in October of 1981. Married in 1965, the parties have three children. Eastern Chemicals, Inc., a closely held family corporation, employed defendant until 1969 when it merged with Ashland Oil and Refining Company (Ashland). Following the merger, defendant was appointed Ashland's district manager in Syracuse and his shares of Eastern Chemicals stock, which he held before the marriage, were converted into shares of Ashland. In 1979, defendant left Ashland to manage his own assets, which continue to be his primary source of income.

Plaintiff's fault-based divorce action, commenced in 1981, resulted in a verdict in her favor. A nonjury trial was then held to determine issues associated with equitable distribution, maintenance, child support and custody. In a comprehensive

and well-considered decision, Trial Term found the bulk of the wealth to be defendant's separate assets which had appreciated over the duration of the marriage to a value of $1,793,575.30, valued plaintiff's separate property at $80,292 and equally divided the parties' marital property, found to be worth $102,268, by directing defendant to pay a distributive award of $51,134 to plaintiff in five annual installments of $10,226.80 each. Plaintiff was also awarded maintenance of $100 per week for three years, retroactive to the commencement of the divorce action but offset by the amount of defendant's payments made during the pendency of the action. Trial Term further granted the parties joint custody of the children, who were to reside with plaintiff and required defendant to pay $75 per week in child support for each of the three children until they reached age 21. Plaintiff challenges the equitable distribution, maintenance, child support and custody determinations.

■ At the outset, plaintiff suggests it was error for Trial Term to find her guilty of marital fault and to consider that misconduct in arriving at its various awards. Because plaintiff availed herself of her Fifth Amendment right against self-incrimination when questioned regarding an alleged adulterous relationship, we believe that Trial Term properly inferred marital misconduct on her part (*see, Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 42). Given the mores of the times, we deem her misbehavior insufficiently egregious to justify her divestiture of any portion of the property interests she earned over the course of the marriage; her marital fault was simply not so remarkable that it needed to be reflected upon in establishing her distributive award (*see, Stevens v Stevens*, 107 AD2d 987; *Hopper v Hopper*, 103 AD2d 911, 912). This error, however, is of harmless dimension since Trial Term carefully analyzed all of the relevant statutory factors and the award ultimately fashioned was, on the record as a whole, fair and appropriate (*see, Alford v Alford*, 104 AD2d 390, 391).

As this court has recently decided, however, marital fault is a proper consideration in awarding maintenance (*Stevens v Stevens, supra; see,* Domestic Relations Law § 236 [B] [6] [a] [10]). In this regard, we note that Trial Term evaluated each relevant factor identified by Domestic Relations Law § 236 (B) (6) (a) and awarded plaintiff a reasonable amount of maintenance sufficient to assist her until she becomes self-supporting. No error is discernible in the resolution of this issue.

■ In determining what constituted defendant's separate property, Trial Term treated the appreciation in value of defendant's assets which he held prior to or acquired during the

marriage as separate property. Plaintiff's attack on the soundness of this determination is based upon the proposition that defendant's income generated from the exclusive management of his assets constitutes marital property. In general, appreciation in value of separate property which "cannot fairly be considered as the product of the marital partnership" is excluded from equitable distribution (*Brennan v Brennan,* 103 AD2d 48, 53; *see,* Domestic Relations Law § 236 [B] [1] [d] [3]). In this case, however, defendant left a salaried position with Ashland in 1979 to devote his energies to full-time management of his securities. The record indicates that the appreciation in value of defendant's separate property was not entirely due to random market fluctuations (*see, Jolis v Jolis,* 98 AD2d 692, 693), but as a result of active management of his holdings (*see, Conner v Conner,* 97 AD2d 88, 99, n 4; *Roffman v Roffman,* 124 Misc 2d 636). Plaintiff's contribution as a homemaker and mother to the production of marital income while defendant managed his assets was no less significant than when defendant worked for Ashland. In both cases, the income, in the form of wages or appreciation, is attributable in some degree to the marital partnership. Furthermore, had defendant remained in Ashland's employ after 1979 and paid an investor to manage his assets, any appreciation generated thereby would clearly be marital property although derived from defendant's separate property (*see,* Domestic Relations Law § 236 [B] [1] [c], [d] [3]). It strikes us as inequitable that a change in the character of defendant's employment rendered plaintiff's contribution to defendant's investment income meaningless. A remittal to Trial Term is necessary for the purpose of arriving at plaintiff's equitable share of the amount by which defendant's separate property, as actively managed by him, appreciated in value between 1979 and commencement of the divorce proceedings.

■ The amount of plaintiff's contribution to the improvement of the marital residence at Hedge Lane in the Town of Cazenovia, Madison County, which was found to be defendant's separate property, also requires reexamination on remittal. Defendant acknowledged at trial that his wife's father gave $20,000 to the parties which they used to satisfy an outstanding mortgage on a home which they owned prior to the final marital abode. According to defendant, the proceeds from the sale of the earlier home were utilized in maintaining the marital residence. Given the extensive capital improvements undertaken on the marital residence at the time those proceeds became available, remittal is required for the purpose of determining whether, and to what

extent, the $20,000 of marital property contributed to the appreciation in value of the marital residence from $135,000 to approximately $240,000 to $275,000.

■ Another parcel of real property located in the Town of Cazenovia was correctly classified as marital property since it was acquired during the course of the marriage (*see,* Domestic Relations Law § 236 [B] [1] [c]) and plaintiff failed to establish that the funds used to purchase it were from her separate property.

■ It was not, as plaintiff urges, inappropriate for Trial Term to allow payment of plaintiff's distributive award in installments. Tax ramifications are pertinent considerations under Domestic Relations Law § 236 (b) (5) (d) (10) and are even mandatory factors in awarding child support (Domestic Relations Law § 236 [B] [7] [a] [4]). There is persuasive evidence here that the marital property was not liquid and that liquidation of defendant's assets for the purpose of paying the distributive award in a lump sum would have severe tax consequences. This method of paying the distributive award was, therefore, a proper exercise of Trial Term's discretion (Domestic Relations Law § 236 [B] [5] [e]).

■ Plaintiff also disputes the award of joint custody of the children. In general, joint custody is appropriate where both parents are fit and able to behave amicably (*Braiman v Braiman,* 44 NY2d 584, 589-590). The record discloses that this was not a marital relationship fraught with severe antagonism or hostility and, further, that the parties have been able to harmoniously decide matters affecting the children and will continue to do so in the future.

As for child support, it is apparent that each child owns a significant amount of property and is assured of an adequate, unrestricted annual income in excess of $15,000. Since the financial resources of a child are undeniably relevant in establishing a child support award (Domestic Relations Law § 236 [B] [7] [a] [1]) and Trial Term also considered each of the other statutorily enumerated factors, its decision cannot be faulted.

Finally, we find plaintiff's objection to defendant's submission of three articles from the *Wall Street Journal* to the court after the close of evidence, but with plaintiff's consent, neither persuasive nor timely.

KANE, J. P., MAIN, MIKOLL and HARVEY, JJ., concur.

Judgment modified, on the law and the facts, without costs, by reversing so much thereof as determined the value of defen-

dant's separate property; matter remitted to Trial Term for a hearing in accordance with the decision herein; and, as so modified, affirmed.