■ ALBERTA M. WILBUR, Appellant-Respondent, v RALPH C. WILBUR, Respondent-Appellant.—Main, J. P. Cross appeals from a judgment of the Supreme Court granting defendant a divorce and ordering equitable distribution of the parties' marital property, entered September 13, 1984 in Tompkins County, upon a decision of the court at Trial Term (Bryant, J.), without a jury.

Alleging adulterous conduct on the part of defendant, plaintiff commenced this action for divorce in February 1981. During the trial that followed, the parties stipulated that plaintiff would discontinue her divorce action based upon adultery and that defendant would be allowed to proceed with a divorce action based on abandonment. The parties' stipulation also provided that fault was not to be considered by the court either in the divorce action or in the determination of equitable distribution and maintenance. Thereafter, Trial Term granted defendant a divorce on the ground of abandonment and decided issues of equitable distribution and maintenance. These cross appeals ensued.

First, plaintiff argues that Trial Term erred in assigning a zero value to the stock in defendant's business. The stock in question consists of 25 shares in Wilbur Lumber Company, Inc., a lumber business run by defendant. That business had been given to defendant by his father in 1969 and was not incorporated until May 1980, at which time the 25 shares in question were issued. According to plaintiff's expert witness, who employed a capitalization of earnings method of valuation, the 25 shares of stock were worth $650,806. Defendant's expert, on the other hand, testified that the true value of a closely held corporation such as Wilbur Lumber Company, Inc. is the value of its assets as reduced by its liabilities. In this case, liabilities exceeded assets by $6,000. It was the testimony of defendant's expert witness on which Trial Term relied in arriving at its determination that the stock was valueless.

Both the capitalization of earnings method and the asset valuation method are acceptable and commonly used ways to valuate small corporations (see, Herwitz, Business Planning, at 1-2 [2d ed 1984]). It is well established that the weight to be attributed to expert testimony is left to the trier of fact

*(Baumfeld v State of New York,* 107 AD2d 927, 928). Here, because the different valuation methods espoused by each party were both acceptable, we do not now disturb Trial Term's choice to rely on the testimony of defendant's expert witness rather than that of plaintiff's expert.

We next address the issue of maintenance awarded to plaintiff, which Trial Term set at $250 per week during the remainder of plaintiff's lifetime or until her remarriage. Plaintiff contends that the amount awarded was too low in light of the parties' prior standard of living and that Trial Term improperly considered fault, despite the parties' stipulation, in awarding maintenance. Defendant, on the other hand, advances the argument that the duration of the maintenance payments should be reduced to five years.

With regard to plaintiff's arguments, we note first that marital fault is, generally, a proper consideration in awarding maintenance *(Nolan v Nolan,* 107 AD2d 190, 192; *Stevens v Stevens,* 107 AD2d 987, 988). Here, the issue of fault is complicated by the parties' stipulation, which was to prevent the court from considering the fault of either party prior to the commencement of the divorce action. Trial Term, in that portion of its decision dealing with maintenance, pointed out that it was plaintiff's "initiative to break up the marriage". This, in light of the parties' stipulation, was improper. We conclude, however, that such error was harmless since Trial Term's decision demonstrates a careful analysis of all of the relevant statutory factors and since the amount of maintenance ultimately awarded was, on this record, fair and appropriate *(see, Nolan v Nolan, supra,* p 192). The consideration of any fault on the part of plaintiff *after* the commencement of the divorce action, which consisted of her lack of cooperation and candor in making financial disclosure, was entirely proper since the parties' stipulation applied only to fault prior to the start of this litigation. Furthermore, we do not find the maintenance award inadequate when compared to the parties' prior life-style, which is only one factor to be considered in calculating such an award *(see,* Domestic Relations Law § 236 [B] [6] [a] [6]; *Rubin v Rubin,* 105 AD2d 736, 739).

With regard to defendant's argument that the maintenance award should be limited in duration to five years, it must be pointed out that plaintiff, who at the time of trial was 46 years old, possesses only a ninth-grade education and lacks any special skills or training that would enable her to be competitive in today's job market. Thus, we perceive no error on the part of Trial Term in declining to place a temporal

limit on the maintenance award *(see, Lind v Lind,* 89 AD2d 518, 519, *affd* 58 NY2d 965; *see also, Roth v Roth,* 97 AD2d 967).

Plaintiff next asserts that Trial Term again improperly considered fault in distributing the parties' marital assets. As aforementioned, marital fault is a proper consideration in awarding maintenance. Fault is *not* a relevant consideration, however, in the distribution of marital property except in extraordinary circumstances *(Hopper v Hopper,* 103 AD2d 911, 912). Here, even disregarding the parties' stipulation and examining all of plaintiff's acts that could possibly be construed as constituting fault, we perceive none to be so egregious as to justify Trial Term's consideration of them in distributing the parties' marital assets. Nonetheless, we do not now disturb Trial Term's division of the marital property since we find it to be, on the record as a whole, fair and appropriate *(see, Nolan v Nolan,* 107 AD2d 190, 192, *supra).*

Finally, plaintiff contends that the trial court committed error in denying her request that defendant maintain a life insurance policy for her benefit. Under Domestic Relations Law § 236 (B) (8) (a), a court is empowered to direct that one party maintain a policy of life insurance for the benefit of the other. The language of such provision is permissive rather than mandatory, and whether to direct the maintenance of a life insurance policy pursuant to this statutory provision lies within the discretion of the court. Here, however, it is unclear from Trial Term's decision whether the court was even aware that it had the authority to grant the relief requested by plaintiff. Accordingly, we remit this matter alone to Trial Term so that it may exercise the discretion that has been statutorily granted to it.

Judgment modified, on the law, without costs, by reversing so much thereof as denied plaintiff's request that a policy of life insurance on the life of defendant be maintained for her benefit; matter remitted to Trial Term for determination of such request; and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.