■ DEBRA T. NICOLLA, Respondent, v JOSEPH R. NICOLLA, Appellant. (And Another Related Action.)—Mahoney, P. J. Appeal from an order of the Supreme Court (Conway, J.), entered May 12, 1986 in Albany County, which granted plaintiff's motion to consolidate two actions.

The parties were married on June 8, 1980 and have lived separately since June 1984. In December 1984, plaintiff commenced an action seeking divorce on the ground of cruel and inhuman treatment. In his answer, defendant admitted the material allegations of the complaint and concurred in the request for a divorce. Disclosure was conducted from the time of commencement of the action until November 1985. A Trial Term note of issue was filed in March 1985 and, on December 18, 1985, the action was granted a trial preference.

In March 1986, plaintiff commenced a second action, also seeking divorce, this time alleging adultery. Defendant answered, denying the material allegations of the complaint and raising, as an affirmative defense, the pendency of the first action for divorce. Plaintiff moved to consolidate the actions. Supreme Court granted the motion and this appeal by defendant ensued.

This court has held that the "power to order consolidation rests in the sound discretion of the court and, where common questions of law or fact exist, consolidation is warranted unless the party opposing consolidation demonstrates prejudice to a substantial right" *(Cushing v Cushing,* 85 AD2d 809). The prospect that consolidation will cause a delay in the trial of the other action is a factor to be considered in determining whether a substantial right of the party opposing consolidation is prejudiced, particularly where the first action is ready

for trial *(see, La Torre v Mountcastle,* 88 AD2d 724, 725; *Biederman v Yorks,* 9 AD2d 764, 765; *Halpern v Rodway,* 3 AD2d 941; *Wheeler v Meadowbrook Transp. Corp.,* 3 AD2d 763).

In the instant case, plaintiff's first action, wherein defendant admitted the material allegations of the complaint and concurred in the request for a divorce, had been on the Trial Calendar for one year before the second action was commenced and all disclosure had been completed. Consolidation will surely result in delay since disclosure will have to be completed regarding the allegations in the second complaint before the matter can be brought to trial. Weighing against this substantial delay is very little to be gained by consolidation. The ultimate relief sought in the second complaint is the same as that sought in the first, i.e., divorce, and defendant admitted the material allegations of the first complaint. Absent extraordinary circumstances, fault is not at issue in making an equitable distribution of marital property *(Hopper v Hopper,* 103 AD2d 911, 912). Plaintiff's allegation of defendant's adultery after the parties separated is unlikely to amount to extraordinary circumstances *(see, Melnik v Melnik,* 118 AD2d 902, 903; *Stevens v Stevens,* 107 AD2d 987, 988; *Nolan v Nolan,* 107 AD2d 190, 192). Thus, little is to be gained from the addition of the adultery cause of action. That being the case, the substantial prejudice to defendant in the form of delay of the trial cannot be justified. Therefore, the granting of plaintiff's motion to consolidate was an abuse of discretion.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.