■ ALBERTA M. WILBUR, Appellant, v RALPH C. WILBUR, Respondent.—Main, J. Appeal from an order of the Supreme Court (Bryant, J.), entered April 21, 1986 in Tompkins County, which denied plaintiff's request that a life insurance policy on the life of defendant be maintained for her benefit.

At issue in this matrimonial action is whether Supreme Court erred in denying plaintiff's request that defendant be required to maintain a life insurance policy on himself for her benefit. Initially, the court denied the request. On appeal, however, this court remitted the life insurance issue to Supreme Court because its decision did not make clear that the court was aware that it had the authority to grant the request, pursuant to Domestic Relations Law § 236 (B) (8) (a) (116 AD2d 953). Upon remittal, Supreme Court again denied the request, setting forth the same philosophical considerations it had set forth in its initial decision and further noting that plaintiff had already received a substantial amount of liquid assets and a residence free of any encumbrance.

Under Domestic Relations Law § 236 (B) (8) (a), the court in a matrimonial action is empowered to order a spouse to maintain a life insurance policy for the benefit of the ex-spouse. The statute does not mandate that such provision be made, and the decision whether to make such provision is within the discretion of the trial court *(see,* 116 AD2d 953, *supra).* Supreme Court's philosophical considerations notwithstanding, it is entirely appropriate to order a husband to maintain a life insurance policy in order to protect the wife's "continuing interest in receiving support for herself * * * in the event of [the husband's] death" *(Schussler v Schussler,* 109 AD2d 875, 877; *see, Zerilli v Zerilli,* 110 AD2d 634).

Nevertheless, we find no abuse of discretion in Supreme Court's denial of plaintiff's request. As the court noted, plaintiff received primarily liquid assets in the equitable distribution of the parties' assets and defendant received primarily

nonliquid assets. Plaintiff thus has the opportunity to invest her assets and create additional support for herself. In light of the fact that assets received through an equitable distribution may be considered in determining an award of maintenance (see, Domestic Relations Law § 236 [B] [6] [a] [1]), we see no error in Supreme Court's consideration of plaintiff's equitable distribution award in determining not to order defendant to maintain a life insurance policy for plaintiff's benefit.

Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.