■ ALVIN J. BOHNSACK, Appellant, v PATRICIA W. BOHNSACK, Respondent.—Crew III, J. Appeals (1) from a judgment of the Supreme Court (Lynn, J.H.O.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered August 1, 1991 in Columbia County, upon a decision of the court, (2) from an order and judgment of said court, entered October 25, 1991 in Columbia County, which, *inter alia,* partially granted plaintiff's cross motion to stay enforcement of the judgment of divorce pending appeal, and (3) from an order of said court, entered January 16, 1992 in Columbia County, which granted defendant's motion for an award of counsel fees.

The parties were married in April 1976 and thereafter had three children. On March 10, 1988, plaintiff commenced this action against defendant seeking, *inter alia,* a divorce on the ground of cruel and inhuman treatment. When the action reached trial, plaintiff amended his complaint to allege constructive abandonment and defendant withdrew her answer and consented to a default divorce on the ground of abandonment. After a hearing, Supreme Court granted the parties a divorce, awarded defendant custody of the children, exclusive use and occupancy of the marital residence, maintenance of $200 each week, child support of $393.09 each week, equitable distribution of $102,262, and counsel and expert fees. Supreme Court also directed plaintiff to pay the mortgage, taxes, insurance, repair and upkeep expenses on the marital residence, directed plaintiff to maintain medical, health, dental and life insurance for defendant and the children, directed plaintiff to pay any deductibility and unreimbursed expenses for health care, and awarded plaintiff visitation rights. These appeals by plaintiff ensued.

Plaintiff contends that Supreme Court's custody determination is contrary to the weight of the credible evidence and lacks a sound and substantial basis in the record. We disagree. While there is conflicting testimony in the record bearing on the issue of custody, the law is clear that we should afford the findings of the nisi prius court great respect and be reluctant

to substitute our judgment for that of the trial court *(see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).* While the record establishes that plaintiff is clearly a major parental figure in the children's lives, it also clearly reflects that defendant is the major psychological parent to the children and is the central and primary attachment figure in their lives. Given those facts and the fact that the parties had a prior agreement that defendant would maintain custody of the children and has been their caretaker and in constant contact with them throughout this protracted proceeding, we believe that Supreme Court's determination is fully justified by the record evidence *(see, Eschbach v Eschbach, supra,* at 172; *Matter of Saunders v Saunders,* 60 AD2d 701).

Plaintiff's contentions concerning Supreme Court's award of maintenance to defendant are without merit. After taking into consideration the real and personal property and income of each party, the marital property to be distributed, the duration of the marriage for 12 years, the age and health of each party, the present and future earning capacity of each party, the plans of defendant to pursue a Master's Degree which will take four years, and the amount of time necessary for defendant to successfully obtain employment to become self-supporting, Supreme Court directed plaintiff to pay defendant maintenance of $200 each week for five years, which we believe to be fully justified by the record *(see,* Domestic Relations Law § 236 [B] [6] [a] [1], [2], [3], [4], [6]; *Nolan v Nolan,* 107 AD2d 190; *Patti v Patti,* 99 AD2d 772).

Plaintiff contends that Supreme Court erred in determining the amount of child support. We agree. The court directed plaintiff to pay weekly child support in the amount of $393.09. In determining child support, the court imputed an additional $10,000 to plaintiff's annual income. There is, however, no evidence in the record which warrants adding an additional $10,000 to plaintiff's income *(cf., Kay v Kay,* 37 NY2d 632; *Matter of Buley v Buley,* 142 AD2d 814). The record clearly demonstrates that plaintiff's annual income after deducting social security taxes is $60,485.04. In accordance with Domestic Relations Law § 240, the amount of weekly child support due based upon plaintiff's annual income is $337.32, which is computed by multiplying $60,485.04 by 29% and dividing the result by 52 weeks.

We reject plaintiff's further contention that the child support award is unjust or inappropriate because Supreme Court refused to factor in payments he must make toward the

mortgage on the marital residence, unreimbursed health care costs and maintenance to defendant. Where the factors inducing a variance from the statutory requirements are identified and the reasons for the child support actually awarded are articulated, a court may vary from the basic child support provisions *(see,* Domestic Relations Law § 240 [1-b] [a], [f], [g]; *Lenigan v Lenigan,* 159 AD2d 108). In varying from the basic child support provisions, Supreme Court identified the relevant factors contributing to its decision as the financial resources of the parties, the educational needs of defendant and the future earning capacities of each party *(see,* Domestic Relations Law § 240 [1-b] [a], [f] [1], [6], [7], [10]). Additionally, the court cited plaintiff's potential for receiving a salary increase from the family-owned business and plaintiff's more promising financial future *(see,* Domestic Relations Law § 240 [1-b] [a], [g]). We decline to disturb Supreme Court's determination.

Plaintiff contends that Supreme Court improperly valued the telephone stock. We agree. In a divorce action, the valuation of marital assets is to be fixed as of the commencement of the action *(see, Lord v Lord,* 124 AD2d 930, 932). The valuation date for the telephone stock should have been March 10, 1988, but both parties used a valuation date other than March 10, 1988. Therefore, a new hearing must be held to determine the value of the telephone stock.

Plaintiff contends that the conditions imposed by Supreme Court concerning visitation lack any basis in the record. The two conditions imposed were "when [plaintiff] exercises his visitation he shall not leave any of the children alone with [plaintiff's father]" and "when [plaintiff] exercises his visitation he shall be prohibited from driving with the children if he has been drinking alcohol to an extent which will affect his driving to any degree and he shall be required to wear and have his children wear appropriate seat belts". There is testimonial evidence in the record from plaintiff's mother which provides some basis for the former condition. Plaintiff's father has a problem with alcohol. When under the influence of alcohol, plaintiff's mother stated that her husband may not exercise his best judgment and may attempt to drive a vehicle with the children accompanying him. Accordingly, we find there is sufficient record evidence justifying Supreme Court's condition on visitation in that regard. There is, however, no evidence in the record which justifies the second condition and it is to be stricken from the divorce judgment *(see, Graham v Graham,* 175 AD2d 540).

Plaintiff contends that Supreme Court's order providing for the payment of defendant's equitable distribution award was unfair. We agree. Supreme Court directed plaintiff to pay defendant one half of the value of IRA accounts, his pension and telephone company stock held in a close corporation on or before August 1, 1991, with 9% interest thereon commencing March 10, 1988. Although we are remitting this matter for a new hearing to determine the value of the telephone stock, we note that the telephone shares held by plaintiff in a close corporation not traded on a public exchange do not enjoy the same liquidity as publicly held stock. In view of all of the other obligations imposed upon plaintiff under the divorce judgment, we find that Supreme Court abused its discretion in directing plaintiff to immediately pay defendant's full distributive award with 9% interest retroactive to the commencement of this action (see, Romano v Romano, 139 AD2d 979, 980; Nolan v Nolan, 107 AD2d 190, 194). Plaintiff should be permitted to pay defendant's distributive award in five annual installments, the first installment to be made one year after entry of an order and notice thereof finally determining the total value of defendant's distributive award and each additional installment to be made each year thereafter until the award is fully paid. Additionally, should plaintiff fail to make timely payment when each annual installment is due, compound interest should be charged against the untimely paid installment at a rate of 1.5% each month or portion thereof until such installment is fully paid.

Finally, we find unpersuasive plaintiff's contention that the awarded counsel fees for defendant were excessive (see, De-Cabrera v Cabrera-Rosete, 70 NY2d 879, 881; Foxx v Foxx, 114 AD2d 605, 607; Stevens v Stevens, 107 AD2d 987, 989).

Weiss, P. J., Mikoll, Yesawich Jr. and Mahoney, JJ., concur. Ordered that the judgment entered August 1, 1991 and order and judgment entered October 25, 1991 are modified, on the law, without costs, by reducing the award for weekly child support to $337.33 and by reversing so much thereof as determined the value of the Germantown Telephone Company stock to be $192,000 and imposed the second condition upon plaintiff's visitation rights; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Ordered that the order entered January 16, 1992 is affirmed, without costs.