■ RONALD R. ZURNER, Appellant, v PATRICIA K. ZURNER, Respondent. [624 NYS2d 301] —Peters, J. Appeal from a judgment of the Supreme Court (Rose, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered June 1, 1993 in Broome County, upon a decision of the court.

Plaintiff, a widower and father of two children, Patti (born in 1970) and Sandy (born in 1972), married defendant on August 1, 1980. The parties and plaintiff's children resided in a residence purchased by plaintiff in 1978. During the marriage, two children were born to the parties, Ronald (born in 1981) and Emily (born in 1983). In 1987, plaintiff conveyed title to the residence to defendant and himself.

The parties were employed as teachers in the Johnson City High School in Broome County. While plaintiff retained his position throughout the course of the marriage, defendant went on maternity leave when she had Ronald in 1981 through the birth of Emily in 1983. As the parties agreed, defendant did not return to her prior position so that she could care for the parties' children. She supplemented the family's income by teaching at home on a part-time basis for the Johnson City School District until September 19, 1992, when she returned to full-time teaching.

In July 1991, plaintiff commenced a divorce proceeding against defendant on the ground of cruel and inhuman treatment. Defendant counterclaimed on the same ground. Despite the dissent's representations, the record neither reflects that the divorce action was precipitated by defendant's commission of adultery nor was adultery charged in the complaint. The parties agreed that defendant would withdraw her answer and counterclaim and consent to a divorce on the grounds of cruel and inhuman treatment, leaving the remaining issues of

equitable distribution and maintenance to be resolved at a hearing. At the time of such hearing, the parties stipulated to the distribution of all marital assets except the marital residence and one vehicle. The custody decision of Family Court was admitted into evidence for the limited purpose of aiding Supreme Court in determining which of the parties' properties were considered by the children to be their home.

Supreme Court, valuing the marital residence as of the date of the commencement of the action, determined its market value to be $80,000. With the mortgage balance stipulated to be $23,000, the court determined that plaintiff's separate property interest was $11,250, representing his down payment on the marital residence, and that $45,750 remained as marital property. The court further found a disparity in income and awarded maintenance to defendant in the sum of $100 per week for a two-year period. Plaintiff appeals.

Addressing first Supreme Court's award of maintenance, we find the evidence sufficient for the court to have properly considered the factors enumerated in Domestic Relations Law § 236 (B) (6) (a) in reaching this determination. We find that plaintiff has an annual salary of $48,000 whereas defendant's salary is $28,275. The discrepancy is largely due to defendant's loss of 10 years succession in the school system with its concomitant pay raises and pension accruals. During such time, defendant worked on a part-time basis teaching a Scholastic Aptitude Test preparatory course for the school district at $12 per hour which led to home teaching for the district and eventually a private preparatory service, resulting in more income than she would have had if she had returned to her full-time teaching position. We find, however, as did Supreme Court, that it is unlikely that defendant will be able to supplement her income in such manner in light of her return to full-time employment. In determining the amount and duration of maintenance, we find that the court not only considered the above but also the contributions and services of defendant as "a spouse, parent * * * and homemaker" (Domestic Relations Law § 236 [B] [6] [a] [8]; see, Price v Price, 69 NY2d 8). Hence, we find no abuse of discretion since the amount awarded is reasonable and the duration sufficient to assist defendant to become self-supporting (see, O'Brien v O'Brien, 66 NY2d 576; Moller v Moller, 188 AD2d 807; Cohen v Cohen, 154 AD2d 808; Nolan v Nolan, 107 AD2d 190).

Addressing next the issue of marital fault raised by plaintiff, we note that while it may not ordinarily be a factor in equitable distribution (see, O'Brien v O'Brien, supra; Blickstein

*v Blickstein,* 99 AD2d 287), it may be considered in fixing the amount of maintenance *(see, Nolan v Nolan, supra; Stevens v Stevens,* 107 AD2d 987). Marital fault is not a specific statutory factor but may be considered under the catch-all provision which provides that the trial court may consider "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236 [B] [6] [a] [11]). We note that at no time during the trial of the ancillary matters was the issue of marital fault raised in defense of an award of maintenance. Therefore, Supreme Court was not obliged to consider this factor. Based upon a review of this record and the factors Supreme Court properly considered, we find "[n]o error is discernable in [Supreme Court's] resolution of this issue" *(Nolan v Nolan, supra,* at 192).

We further reject plaintiff's contention that Supreme Court erred in not awarding him the appreciated value of his separate property interest in the marital residence. Noting that Supreme Court's factual determination must be given great deference *(see, Moller v Moller, supra),* we find that the court properly credited plaintiff for his contribution toward the creation of the marital asset *(see, Heine v Heine,* 176 AD2d 77, *lv denied* 80 NY2d 753; *Cleary v Cleary,* 171 AD2d 1076). Moreover, both defendant and plaintiff contributed physically and financially to the marital household and the resultant award to plaintiff, acknowledging his separate property interest, was in all respects proper *(see, Price v Price, supra).*

We further find that Supreme Court properly ruled that the valuation should be as of the time of the commencement of the action rather than as of the time of trial *(see, Lord v Lord,* 124 AD2d 930, 932) and that circumstances warranting an exception thereto are not present here *(cf., Patelunas v Patelunas,* 139 AD2d 883).

Cardona, P. J., Mercure and White, JJ., concur.

Casey, J. (concurring in part and dissenting in part). I dissent from so much of the majority's decision as affirms Supreme Court's award of maintenance in the amount of $100 per week to defendant for two years from the date of the entry of the judgment herein. The record establishes defendant's continuous adulterous relationship since 1990 with a third party. Adultery in this State is a class B misdemeanor (Penal Law § 255.17) and in this matter constitutes egregious conduct on defendant's part which resulted in the physical custody of the two minor children of the marriage being awarded to plaintiff. The egregious nature of defendant's

conduct was clearly established in the determination of the custody issue, which was based upon the finding that defendant's "all encompassing involvement with her lovers seems to have blunted her sensitivity to the needs and concerns of her children". Defendant's egregious conduct was not limited to lack of concern for her children's interests. In granting plaintiff a divorce on grounds of cruel and inhuman treatment, Supreme Court found that defendant had repeatedly engaged in public conduct with her paramour that caused plaintiff embarrassment and anxiety in front of his friends and family members.

Defendant is self-supporting and gainfully employed on a full-time basis. In no way is she likely to become a public charge. That there has been a discrepancy in the respective incomes of the parties in the past does not require an award of maintenance. It was a clear abuse of discretion, in my view, for Supreme Court to award defendant maintenance in these circumstances.

In all other respects I agree that the judgment of Supreme Court should be affirmed.

Ordered that the judgment is affirmed, without costs.