■ CHRISTINA ALBURQUERQUE, as Parent and Natural Guardian of LINDA ALBURQUERQUE, an Incapable Adult, Respondent, v BEAUTIFUL VILLAGE ASSOCIATES REDEVELOPMENT Co. et al., Defendants, and CITY OF NEW YORK et al., Appellants. LINDA ALBURQUERQUE, an Incapable Adult, by Her Guardian ad Litem CHRISTINA ALBURQUERQUE, Respondent, v ASSOCIATION FOR THE HELP OF RETARDED CHILDREN et al., Appellants. CHRISTINA ALBURQUERQUE, as Parent and Natural Guardian of LINDA ALBURQUERQUE, an Incapable Adult, Respondent, v JANE ARMIKA et al., Defendants, and ASSOCIATION FOR CHILDREN WITH RETARDED MENTAL DEVELOPMENT et al., Appellants. [631 NYS2d 357] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about July 21, 1994, which, to the extent appealed from as limited by defendants-appellants' brief, denied their motion for consolidation, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion in denying consolidation of three actions seeking to recover for personal injuries arising out of three separate and distinct incidents. As the IAS Court aptly stated after correctly noting that the only factor of any significance common to the actions is the plaintiff's identity, a single trial involving 15 defendants implicated for varying, unrelated reasons would complicate the issues. It would lead to jury confusion, and, in the present cir-

cumstances, would also prejudice the prosecution of the action that is at an advanced stage of readiness (*see, Shackleford v Mills*, 110 AD2d 630; *Hutton & Co. v Tretiak*, 140 AD2d 294; *Nicolla v Nicolla*, 128 AD2d 998). Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.