■ WILLIAM CRONIN, Respondent, v SORDONI SKANSKA CONSTRUCTION CORP. et al., Respondents, and AMERICAN AIRLINES, INC., et al., Appellants. [829 NYS2d 26]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about May 1, 2006, which granted plaintiff's motion to consolidate this action with another in Queens County, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff seeks to consolidate two personal injury actions involving Labor Law claims against different defendants. The Queens action, commenced on July 1, 2003, arose from an accident at a construction site at the Queens Center Mall, allegedly occurring on May 27, 2003. The New York action, commenced on March 11, 2004, arose from a construction site injury at the American Airlines terminal at John F. Kennedy International Airport, allegedly occurring on July 30, 2001. The injuries alleged in the Queens action are completely different from those alleged in the New York action and there are no apparent common issues of law or fact. Plaintiff alleges in each action that he has been totally disabled from employment since October 2003.

The motion court erred in consolidating the two actions in the absence of common questions of law or fact (*J. Henry Schroder Bank & Trust Co. v South Ferry Bldg. Co.*, 88 AD2d 570, 571 [1982]; *see also 44-46 W. 65th Apt. Corp. v Stvan*, 3 AD3d 440, 442 [2004]). In addition, it did so despite the existence of conflicting comparative negligence issues that could prove confusing to a jury (*see Alburquerque v Beautiful Vil. Assoc. Redevelopment Co.*, 219 AD2d 567 [1995]), the fact that the Queens matter is ready for trial and the New York matter is still in the early stages of discovery (*see Abrams v Port Auth. Trans-Hudson Corp.*, 1 AD3d 118, 119 [2003] [consolidation properly denied even when common issues of law or fact exist where matters are at "markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter"]), and the unexplained, two-year delay in seeking consolidation. The cases plaintiff cites in support of his motion are readily distinguishable from the case at bar in that they involve either common issues of law or fact or a claim that the second accident exacerbated an injury allegedly sustained in the first. Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.