■ SHIRLEY WEINSTOCK, Respondent-Appellant, v MYRON WEINSTOCK, Appellant-Respondent.—In an action for divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Queens County (Lonschein, J.), dated December 13, 1983, as (1) ordered him to pay the plaintiff wife the sum of $165 per week as maintenance, (2) ordered him to remit to plaintiff, within 30 days of service of a copy of the judgment, with notice of entry, a check in the sum of $46,246.59 as an equitable distribution of the parties' marital property, (3) ordered him to pay plaintiff's counsel the sum of $5,000 unless timely payment of the distributive award as made, (4) ordered him to share with plaintiff one half of any pension benefits he might receive from his union upon his retirement, in which case his weekly maintenance obligation of $165 would be reduced accordingly, and (5) ordered him to maintain a major medical health insurance policy for plaintiff's benefit and to retain her as the irrevocable beneficiary of the death benefits contained in his union pension. The plaintiff wife cross-appeals from so much of the same judgment as (1) awarded her an equitable distribution of marital property in the sum of only $46,246,59, and (2) awarded her conditional counsel fees of $5,000.

Judgment modified, on the facts and as a matter of discretion, by extending defendant's time within which to make payment of the $46,246.59 distributive award until 60 days after service upon him of a copy of this court's order, with notice of entry, and by deleting the provision ordering him to

pay plaintiff's counsel the sum of $5,000 unless timely payment of the distributive award is made. As so modified, judgment affirmed, without costs or disbursements.

With regard to the disposition of marital property, Special Term adequately reviewed those factors relevant to determining the equitable distribution of property which were applicable to this case (Domestic Relations Law § 236 [B] [5] [d]) and stated the reasons for its decision (Domestic Relations Law § 236 [B] [5] [g]). Specifically, Special Term held, *inter alia,* that pursuant to a prior stipulation, which was incorporated in a judgment granting a separation, the husband was required to pay to the wife weekly maintenance in the amount of $165. This decision was based on the court's acceptance of the unrefuted testimony of the wife that she no longer received $200 per month from her father's estate so that under the terms of the parties' stipulation and the judgment of separation, the husband was contractually obligated to increase his maintenance payment from $150 to $165 a week ($8,580 a year). The court also held that the husband failed to prove that his financial circumstances had changed so significantly since the judgment of separation as to warrant reduction of his maintenance obligation. Under these circumstances, we see no reason to disturb the foregoing determinations.

Special Term, moreover, found that, as of March 11, 1983, which was after commencement of the action but prior to trial, the husband had control of, *inter alia,* savings accounts worth $69,512.10, stocks worth $55,299.27, and a bond valued at $3,500. Adding these amounts to the value of certain other miscellaneous items of property, Special Term determined that the husband controlled a total of $133,861.37, all of which was found to be marital property. Although the husband claims that the court erred, as a matter of fact, in failing to deduct from this total certain debts he claimed to owe, we again see no reason to disturb Special Term's finding that the existence of these debts had not been satisfactorily proven. The accuracy of the foregoing determinations is not otherwise challenged by either party.

To the extent that Special Term considered the element of marital fault in making its distributive award, it was in error. As held by this court in *Blickstein v Blickstein* (99 AD2d 287, 292, *appeal dismissed* 62 NY2d 802): "[A]s a general rule, the marital fault of a party is not a relevant consideration under the Equitable Distribution Law in distributing marital property upon the dissolution of a marriage. This is not to deny,

however, that there will be cases in which marital fault, by virtue of its extraordinary nature, becomes relevant and should be considered. But such occasions, we would stress, will be very rare and will require proof of marital fault substantially greater than that required to establish a bare prima facie case for matrimonial relief. They will involve situations in which the marital misconduct is so egregious or uncivilized as to bespeak of a blatant disregard of the martial relationship—misconduct that 'shocks the conscience' of the court thereby compelling it to invoke its equitable power to do justice between the parties" (accord, McMahan v McMahan, 100 AD2d 826).

Clearly, the instant case does not involve such misconduct. Notwithstanding the fact that Special Term has erroneously considered fault, we have undertaken a complete review of the record and conclude that Special Term's determination as to the awards was correct with the exception of its award of counsel fees on behalf of the wife. After noting that the wife would have adequate funds to pay her own counsel fees in light of the distribution of marital assets made thereunder, Special Term nevertheless imposed upon the husband a conditional counsel fee of $5,000. The husband was directed to pay $5,000 to the wife's counsel in the event that the husband failed to make timely payment of the distributive award. Said provision was unwarranted inasmuch as the wife was not entitled to an award of counsel fees and it is hereby stricken from the judgment. In all other respects, we do not disturb Special Term's directives with regard to the husband's obligations vis-à-vis the wife other than to extend the time within which he is to make payment of the distributive award until 60 days after service upon him of a copy of our order, with notice of entry.

We note, incidentally, that the court considered the husband's union pension (between $132 and $182 a month) as marital property. However, rather than assessing the value of the husband's pension rights, the court directed him to pay to his former wife one half of each future payment he receives. This is a permissible way of distributing pension benefits to the parties (see, Majauskas v Majauskas, 61 NY2d 481, 486). However, by ordering that the husband's weekly maintenance obligation be reduced to the extent he pays his former wife one half of his monthly pension, if and when he retires and receives those benefits, the court, in essence, did not award the wife any portion of that pension. We nevertheless, find that this was not an abuse of discretion since, as outlined

above, the limited income of the husband, considered in light of his relatively large maintenance obligation, does not warrant a distribution of marital property to any extent greater than indicated. We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.