◼ In the Matter of NICHOLAS J. GULLI, SR., Respondent, v SHIRLEY A. GULLI, Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of Rensselaer County (Reeves, J.), entered September 18, 1984, which directed the equitable distribution of the parties' marital property.

The parties, both previously married, wed in December 1978 and divorced 3½ years later; there are no children of this marriage. At the time of the divorce, the marital residence, variously valued at $26,000 and $35,000, was encumbered with an $11,000 mortgage. Petitioner had furnished the down payment of $8,300 from his separate property, the proceeds of his earlier sale of another home. His daughter rented part of the marital residence for a rental considered by respondent's realtor to be half what the apartment was worth. Petitioner, a police officer, also had a vested pension when the marriage terminated; he retired in 1983.

Family Court, after a hearing, made a distributive property award to respondent of $6,912.63. That figure corresponds with the amount of respondent's capital contributions to the marital residence and moneys given to petitioner in March 1979 to pay for Federal income taxes, credit card bills and building materials for an addition to the home. The court makes no mention of respondent's request for a share of the rental receipts or the pension. Because of the short duration of the marriage and the court's skepticism regarding respondent's declared inability to work, maintenance was denied. Respondent's appeal ensued.

Respondent quite rightly complains that Family Court, though required by Domestic Relations Law § 236 (B) (5) (d) and (6) (a) to do so, did not address many of the factors it was

constrained to consider in resolving the parties' disputes over property and maintenance. While this deficiency may be overlooked where a comprehensive record and extensive factual findings provide a basis for informed review *(see, e.g., Stevens v Stevens,* 107 AD2d 987, 988; *Wilson v Wilson,* 101 AD2d 536, 538, *appeal dismissed* 63 NY2d 768, *lv denied* 64 NY2d 607), here, however, that is not the case.

With respect to the denial of maintenance, Family Court's decision alludes to but two of the 10 factors set forth in Domestic Relations Law § 236 (B) (6) (a). Significantly, there are no findings relating to petitioner's ability to provide maintenance, respondent's present need for such assistance, her future capacity to be self-supporting, the standard of living established during the marriage, the tax consequences of an award, and the waste, if any, of assets by either spouse *(see,* Domestic Relations Law § 236 [B] [6] [a] [3]-[10]). Nor does the record enable us to determine and weigh these factors. The issue of maintenance must therefore be remitted to Family Court for further consideration and explication.

A more complete explanation, one conforming to the statutory mandate expressed in Domestic Relations Law § 236 (B) (5) (d), and a further hearing is also necessary before enlightened resolution can be had of respondent's claim to a share in petitioner's pension, in the rental receipts from the marital home and in any appreciation in value of the home.

Decision withheld, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.