■ Grace A. McCrea, Respondent, v Joseph E. McCrea, Appellant.—Weiss, J.

The parties were married in 1949 and their three children are emancipated. This divorce action was commenced in December 1983 and our focus on appeal is the equitable distribution of the parties' marital property. Following hearings in July and August 1984, Trial Term, by decision dated September 12, 1984, found that plaintiff, age 54, was presently unemployed while defendant, age 56, was actively employed by a railroad and had earned $24,428 in 1983; plaintiff had recently undergone surgery for an undisclosed cancer problem; the properties in dispute were virtually all marital assets and thus the loss of inheritance rights was not a factor; defendant's pension rights from two separate employments constituted marital property and would be distributed accordingly; plaintiff was entitled to $30 per week in temporary maintenance starting August 19, 1984; the contributions of each parent in the rearing of the children would be considered in the distribution formula; the marital assets were capable of ready liquidation; and the future financial circumstances of the parties were not dissimilar *(see,* Domestic Relations Law § 236 [B] [5] [d]).

Trial Term identified the marital residence and pension plans as the major assets subject to distribution and, in view of the parties' tedious dispute over the value of their personalty, directed the sale of these assets at public auction. Excepted from this directive were the vehicles retained by each party and the inventory and equipment from a fabric business that plaintiff intended to place back in operation. Trial Term also directed, *inter alia,* that defendant pay plaintiff the sum

of $2,937.30, representing one half the calculated value of the railroad pension, and credited plaintiff's account for items purportedly taken by defendant. The court postponed decision as to the marital residence until after the public auction. These directives were incorporated in a mutual judgment of divorce entered November 28, 1984.

In the meantime, it appears that plaintiff sold an unspecified number of personalty items at a garage sale, ostensibly to obtain funds for basic living expenses. Upon learning of Trial Term's decision, plaintiff sold a series of other items at public auction in February 1985. Defendant appeared at this auction, but did not sell any items charged to his possession. Thereafter, plaintiff submitted to the court a check in the amount of $1,313.50, purportedly representing the proceeds from both the garage sale and the auction. Plaintiff then moved for an order of equitable distribution, primarily seeking title to the marital residence. In his opposing affidavit, defendant questioned the accounting provided by plaintiff and disputed her right to the marital residence. Special Term issued an order incorporating but partly modifying the September 12, 1984 decision of Trial Term and awarded the marital residence to plaintiff and essentially distributed the marital property on an equal basis. This appeal ensued.

On this appeal, defendant initially maintains that Special Term failed to set forth the statutory factors relied on in awarding title of the marital residence to plaintiff as well as the underlying reasons for its decision (see, Domestic Relations Law § 236 [B] [5] [d], [g]; see also, Matter of Gulli v Gulli, 118 AD2d 970, 971). While the order under review clearly did not comply with that statutory mandate, a reading of the September 12, 1984 decision confirms, as outlined above, that Trial Term took the statutory factors into consideration. In any event, given the record before us and the court's previous findings, we opt to review the order (see, e.g., Stevens v Stevens, 107 AD2d 987, 988).

The record shows that plaintiff previously operated a retail fabric store at the house and, while presently unemployed, expressed a desire to resume the business. Defendant, on the other hand, has relocated to Buffalo and is gainfully employed there. Considering the respective positions of the parties, Special Term properly exercised its discretion in awarding the residence to plaintiff (see, Foxx v Foxx, 114 AD2d 605, 606; Matter of Ward v Ward, 94 AD2d 908, 909). Although this award resulted in an excess distribution to plaintiff, the court required her to pay defendant a distributive award equal to

one half the excess, thereby maintaining an equal distribution between the parties.

Defendant's contention that he was improperly charged with the total amount of the railroad pension ($5,874.59) is unfounded. We recognize that Special Term's order charged defendant with full pension value, in contrast to the September 12, 1984 decision charging each party with half. However, since Special Term ultimately distributed the marital property on a 50-50 basis, with defendant receiving both pensions, the total distribution to each party remained the same.

Defendant raises several discrepancies concerning the disposition of the personalty that warrant comment. Specifically, he contends that plaintiff disregarded Trial Term's directive by selling property at a garage sale instead of at a public auction. Plaintiff, however, explained that the garage sale occurred in advance of the public auction directive and, in any event, defendant's contention that the use of a garage sale limited the proceeds is pure conjecture. That plaintiff realized some unshared benefit from the sale, however, is reflected in Special Term's charge against her of $380.50 for items purportedly sold but not accounted for. The difficulty presented here is that the court failed to explain the basis for this charge and the record does not accurately reflect the actual proceeds of the garage sale. Defendant further complains that the charge against plaintiff of $343 for items withheld from the sale was too low. Since this valuation represents defendant's own estimation of the items that plaintiff retained for the fabric store, Special Term did not abuse its discretion in setting this charge. Plaintiff concedes that defendant was incorrectly charged with a $300 chainsaw that was a gift and the distribution should be adjusted accordingly. Defendant's contention that he never possessed certain personalty items charged against him simply presented a credibility issue for Special Term to resolve. There is, however, some support in the record that a train set, valued at $400, was a gift to defendant and was improperly charged against him. To resolve this question as well as the dispute concerning the garage sale proceeds, we opt to remit the matter to Supreme Court for further hearings and a readjustment of the property distribution, if necessary.

Order modified, on the facts, without costs, by remitting the matter to Supreme Court for further proceedings not inconsistent herewith, and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.