■ SHARON PARKS, Appellant-Respondent, v BRADLEY B. PARKS, Respondent-Appellant.—Harvey, J. Cross appeals from an order of the Supreme Court (Plumadore, J.) ordering, inter alia, equitable distribution of the parties' marital property, entered November 10, 1988 in Schenectady County, upon a decision of the court.

Plaintiff and defendant were married in July 1965 and separated in June 1986 after over 20 years of marriage. In February 1987 plaintiff commenced this divorce action based on cruel and inhuman treatment. The only child of the marriage was born in 1967 and is now emancipated. During the course of the marriage the parties owned a house, which at the time of the hearing was under contract of sale for $109,000, with a mortgage of approximately $12,000 and a home equity loan with a balance of approximately $32,000. Plaintiff, who was 42 years old at the commencement of this action, was employed full time throughout most of the marriage and currently works as an administrative secretary with a gross salary of over $21,000 per year. Defendant has been employed since 1967 as a sales representative for Nabisco Brands, Inc., with a gross salary of over $43,000 per year.

In her statement of proposed disposition, plaintiff requested maintenance in the amount of $150 per week. Supreme Court, after a hearing, denied plaintiff maintenance and determined that plaintiff is entitled to a share of defendant's pension at the time of his retirement. The court also directed that the balances on the mortgage, home equity loan and educational loans for the parties' daughter be paid from the proceeds of the sale of the home while crediting defendant for payments already made on the equity loan. The court also divided equally the moneys contained in an IRA and savings account, awarded a CATS zero coupon bond to plaintiff and awarded to defendant the moneys from his 401K profit-sharing plan. Plaintiff now appeals, citing alleged deficiencies in Supreme Court's decision. Although defendant cross-appealed, in his brief he urges this court to affirm Supreme Court's order.

Both parties agree that Supreme Court, although required to do so by Domestic Relations Law § 236 (B) (5) (g) and (6) (b), did not set forth the factors the court was constrained to consider in resolving the parties' disputes over property and maintenance (see, Domestic Relations Law § 236 [B] [5] [d]; [6] [a]). This requirement cannot be waived by counsel or either party. Nonetheless, Supreme Court simply denied plaintiff maintenance and distributed the marital property without first making factual findings. Regarding the marital property, the court merely listed the few assets of the parties and how they should be distributed. Although in certain circumstances this court will overlook the failure to enumerate the statutory factors considered, this is only where there is a comprehensive record and extensive factual findings (see, Matter of Gulli v Gulli, 118 AD2d 970, 971). Where a decision merely alludes to or refers to a few of the factors without any discussion, appellate review should generally be denied (supra; Hornbeck v Hornbeck, 99 AD2d 851). Since Supreme Court's decision in this case stated neither its reasoning on these issues nor any of the relevant factors enunciated in the statute, remittal is necessary for the court to make the necessary findings of fact.

With respect to the distribution of defendant's pension, Supreme Court stated only that when defendant retires he is to follow the formula set out by the Court of Appeals in Majauskas v Majauskas (61 NY2d 481) and "exercise that option most beneficial to Plaintiff". However, utilization of the Majauskas formula (which allocates a fraction of one spouse's pension to the other spouse based upon the length of employment compared with the duration of the marriage) requires the court to initially determine the percentage of the pension that the nonpensioned spouse is entitled to have. Since Supreme Court failed to specify the proportionate share plaintiff is entitled to, the decision is inadequate and must be remitted for a determination of "the percentage of future pension payments attributable to [defendant's] employment during the period from the date of the marriage to the commencement of the divorce action, and then determine plaintiff's equitable share" (Belcastro v Belcastro, 104 AD2d 625; see, Majauskas v Majauskas, supra; see also, Damiano v Damiano, 94 AD2d 132). As a final matter, we note that the record contains no evidence regarding the value of the disputed pension despite the fact that this information might be useful in determining the distribution of property. Accordingly, the value of the pension should be determined on remittal (see, Cassano v Cassano, 111 AD2d 208, 210).

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.