■ HELEN VICKERY, Respondent, v EDMUND VICKERY, Appellant.—Mikoll, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) from a judgment and amended judgment of the Supreme Court (Kaiser, J.) ordering, inter alia, equitable distribution of the parties' marital property, entered January 15, 1990 and January 23, 1990 in Putnam County, upon a decision of the court.

This case brings on for review the issue of whether Supreme Court erred in distributing the interest in the parties' marital home on a basis of 75% to plaintiff and 25% to defendant.

It is defendant's contention that the distribution of the marital home was inequitable in that the factors set forth in

Domestic Relations Law § 236 (B) (5) (d) were not considered and that, had they been, he would be entitled to an equal share of the asset due to the 40-year length of the marriage, his contributions thereto and the fact that plaintiff had been given a credit of $85,000 for the period in which she had financially maintained the property while he was given only a $3,511 credit for his contributions in home expenditures. Defendant urges that giving plaintiff so high a proportion of the marital home rewards her twice for her maintenance of the home for the last 10 years.

Domestic Relations Law § 236 (B) (5) (g) requires that a court, in determining the equitable distribution of property, "set forth the factors it considered and the reasons for its decision" (see, O'Brien v O'Brien, 66 NY2d 576, 589; Parks v Parks, 159 AD2d 841, 842). In the instant case, Supreme Court divided the asset without having made factual findings, other than to credit each party's expenditures regarding the home over the last 10 years and recognizing that during the last 10 years plaintiff financially maintained the home. Missing from the determination is any evaluation of defendant's physical maintenance of the property, the parties' respective contributions during the prior 15 years of ownership of the home, consideration of the 40-year length of the marriage, as well as the parties' age, health, respective incomes and future financial circumstances or separate assets, except as to defendant's realization of $35,000 for his father's business. The record, likewise, does not include the parties' stipulation as to the disposition of their other assets. In view of this, although this court is entitled to make appropriate findings, the absence of a comprehensive record and factual findings forecloses such avenue of relief (see, Matter of Gulli v Gulli, 118 AD2d 970, 971).

We also find no merit in plaintiff's contention that defendant's failure to object to the findings at the hearing level waives any irregularity. The requirements of Domestic Relations Law § 236 (B) cannot be waived. The dictate of the statute is mandatory and not discretionary (see, O'Brien v O'Brien, 66 NY2d 576, 589, supra).

Judgment and amended judgment modified, on the law, without costs, by reversing so much thereof as ordered the equitable distribution of the parties' marital home; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.