■ VINCENT MADIGAN, Appellant, v LORETTA G. MADIGAN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from stated portions of a judgment of the Supreme Court, Queens County (Corrado, J.), dated September 26, 1989, which, after a nonjury trial, *inter alia,* directed that certain real property be distributed equally between the two parties.

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof which directs the plaintiff to execute and deliver to the defendant wife a deed conveying to the defendant a one-half interest in the real property known as 69-13 Grand Avenue, Maspeth, Queens; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The Supreme Court directed that certain real property located at 69-13 Grand Avenue, Maspeth, Queens, be divided

equally between the parties. This determination was based solely on the terms of an antenuptial agreement dated January 20, 1983. However, the portion of the antenuptial agreement relied upon by the Supreme Court clearly governs "money and personal property" only. The court erred in extending the unambiguous terms of this provision to real property (see generally, Slatt v Slatt, 64 NY2d 966; Onorato v Onorato, 133 AD2d 617, 618). No other provision of the parties' antenuptial agreement governs the distribution of the real property in question.

The matter should be remitted to the Supreme Court so as to permit it, based upon its review of all of the appropriate circumstances, to make a distribution of this asset in accordance with the Equitable Distribution Law (Domestic Relations Law § 236 [B]). This is not a case where the Supreme Court directed the equitable distribution of property, but failed to explain sufficiently the reasons for its decision. In such cases, a remittitur is not always necessary, particularly when the Supreme Court has made extensive findings of fact (e.g., McCrea v McCrea, 124 AD2d 400; Stevens v Stevens, 107 AD2d 987). In this case, the court made no equitable distribution at all. Under these circumstances, it is more appropriate to remit the matter to the trial court (see generally, Parks v Parks, 159 AD2d 841; Matter of Gulli v Gulli, 118 AD2d 970).

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.