■ EVELYN CASTIGLIONE, Appellant-Respondent, v RONALD A. CASTIGLIONE, Respondent-Appellant. [686 NYS2d 486] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from (1) stated portions of a judgment of the Supreme Court, Suffolk County (Friedenburg, J.H.O.), dated August 12, 1997, which, after a nonjury trial, *inter alia*, (a) equitably distributed the marital property, (b) granted her a mortgage lien on two of the properties distributed to the husband, (c) awarded her only $300 per week in permanent maintenance and denied her retroactive maintenance, and (d) denied her request for counsel fees and expert fees, and (2) stated portions of an order of the same court, dated October 29, 1997, which, *inter alia*, denied certain branches of her motion to modify various provisions of the judgment and to renew certain

requests for relief, and the defendant husband cross-appeals, as limited by his brief, from stated portions of the judgment which, *inter alia*, (a) denied him a credit in equitable distribution for separate property contributions he made to the parties' assets, and (b) awarded permanent maintenance to the plaintiff wife.

Ordered that the judgment is modified by deleting from the thirteenth decretal paragraph thereof the sentence reading, "When defendant's pension from Grumman is in pay status and plaintiff receives her distributive share under the Qualified Domestic Relations Order, the maintenance obligation of defendant shall be reduced by the amount of said payment", and by deleting from the last sentence of that decretal paragraph, after the words "shall be", the word "further"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the wife's motion which was to modify the eleventh decretal paragraph of the judgment of divorce so as to specify the type of mortgage the wife is to be granted on the Laurel and Tamarack properties and the date by which the husband must either sell the properties or, alternatively, pay the wife the amount owed by him and substituting therefor a provision granting that branch of the wife's motion, and (2) deleting the provision thereof denying that branch of the wife's motion which was to modify the judgment of divorce to provide for equitable distribution of the parties' time-share property and substituting therefor a provision granting that branch of the motion, and (3) deleting the provision thereof denying that branch of the wife's motion which was for an award of arrears in the amount of $2,100 pursuant to a pendente lite order of support dated July 16, 1996, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith and for the entry of an appropriate amended judgment; and it is further,

Ordered that the wife is awarded one bill of costs.

The court did not improvidently exercise its discretion in awarding the wife $300 a week in lifetime maintenance (*see,* Domestic Relations Law § 236 [B] [6]; *Gulotta v Gulotta,* 215 AD2d 724; *Liadis v Liadis,* 207 AD2d 331; *Sperling v Sperling,* 165 AD2d 338). However, under the circumstances of this case, where the parties stipulated that they would each receive one-half of the proceeds from the husband's pension when it was

distributed, the court erred in determining that the husband's maintenance obligation would be reduced in the future by the amount of that payment (*cf., Match v Match,* 179 AD2d 124, 127; *Weinstock v Weinstock,* 114 AD2d 450). By reducing the husband's obligation to this extent, "the court, in essence, did not award the wife any portion of that pension" (*Weinstock v Weinstock, supra,* at 452). Accordingly, the thirteenth decretal paragraph has been modified by deleting the provision reducing the husband's maintenance obligation by the amount of his pension.

To the extent that the court granted the wife two mortgage liens on property distributed to the husband, it was error for the court to fail to specify the type of mortgage and also to provide a date by which the husband must either sell the properties or, alternatively, pay the wife the amount owed. As the eleventh decretal paragraph of the judgment now reads, the husband can wait an indefinite period before selling the property, leaving the wife without any other means of collecting her money. Such a result is inequitable where, as here, the wife needs this money to support herself. Therefore, the matter is remitted to the Supreme Court to provide for more specific instructions.

On remittal, the court must also equitably distribute the time-share property owned by the parties. Although the time-share property was classified as a marital asset, the judgment fails to provide for its distribution (*see,* Domestic Relations Law § 236 [B] [5] [a]; *Madigan v Madigan,* 176 AD2d 924).

Because the husband failed to pay the wife pendente lite maintenance from June 23, 1997, to August 8, 1997, the order is modified to award her a judgment for arrears in the amount of $2,100.

The parties' remaining contentions are without merit. Mangano, P. J., Sullivan, Florio and McGinity, JJ., concur.