In an action for a divorce and ancillary relief, the defendant appeals, as limited by his notice of appeal, his brief, and a letter *872 dated April 30, 2013, from so much of a judgment of the Supreme Court, Kings County (Sunshine, J.), dated September 26, 2011, as, upon a decision dated July 6, 2011, made after a nonjury trial, awarded the plaintiff maintenance in the sum of $1,500 per month until she reaches the age of 67, awarded the plaintiff the sums of $10,000 for counsel fees and $2,450 for expert fees, respectively, and awarded the plaintiff the sum of $5,250, representing 50% of the value of two of the parties’ motor vehicles.
Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff the sum of $10,000 for counsel fees, and substituting therefor a provision awarding the plaintiff the sum of $3,732.50 for counsel fees, and (2) by deleting the provision thereof awarding the plaintiff the sum of $2,450 for expert fees, and substituting therefor a provision awarding the plaintiff the sum of $750 for expert fees; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this divorce action after 19 years of marriage. She moved out of the marital residence in 2007, and was living with her mother and receiving Social Security Disability Insurance benefits and food stamps. The defendant is employed as a deputy sheriff with the New York City Sheriffs Department and, pursuant to a stipulation entered into by the parties, was awarded custody of the parties’ youngest son, who was 19 years old at the time of the divorce. The defendant lives with the parties’ two sons in the marital residence and receives rental income from them in the amount of $7,200 annually. After a nonjury trial, the Supreme Court, inter alia, awarded the plaintiff maintenance in the sum of $1,500 per month until she reaches the age of 67, $10,000 in counsel fees, $2,450 in expert fees, and 50% of the value of two of the parties’ motor vehicles.
“[T]he amount and duration of maintenance is [a matter] committed to the sound discretion of the trial court, and every case must be determined on its own unique facts” (Noto v Noto, 94 AD3d 1069, 1070 [2012] [internal quotation marks omitted]). Given the length of the marriage, the plaintiffs age, the respective roles of the parties in the marriage, the plaintiffs health problems, the plaintiffs limited education and work history, and the vast disparity in the parties’ incomes, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $1,500 per month until she reaches the age of 67 (see Domestic Relations Law § 236 [B] [6] [a]). Contrary to the defendant’s contention, since the parties stipulated that they would each receive one half of the proceeds from *873 the defendant’s pension and deferred compensation plan when they were distributed, the defendant’s maintenance obligation should not be reduced in the future by the amount of that payment because, “[b]y reducing the [defendant]’s obligation to this extent, ‘the court, in essence, [would] not award the [plaintiff] any portion of that pension’ ” (Castiglione v Castiglione, 259 AD2d 582, 584 [1999], quoting Weinstock v Weinstock, 114 AD2d 450, 452 [1985]).
An award of reasonable counsel fees in a divorce action is a matter within the sound discretion of the trial court (see generally Domestic Relations Law § 237 [a]). “The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties’ positions and their respective financial positions in determining whether an award is appropriate” (Nicodemus v Nicodemus, 98 AD3d 605, 607 [2012] [internal quotation marks and citations omitted]).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that the plaintiff is entitled to an award of counsel fees. However, the Supreme Court improvidently exercised its discretion in awarding her counsel fees in the sum of $10,000. The attorney billing statements admitted into evidence showed that the plaintiff had an outstanding balance of $3,732.50 and had previously paid her attorney a $7,500 retainer and an additional $500 fee to review the file. In light of the equitable distribution award herein (see Griggs v Griggs, 44 AD3d 710 [2007]), the award of counsel fees to the plaintiff should be reduced to the sum of $3,732.50, the amount of the outstanding balance.
The Supreme Court further awarded the plaintiff the sum of $2,450 in connection with the fee paid to her physician, who testified in court regarding the plaintiffs need for maintenance. “In matrimonial actions, courts have the authority to order one spouse to pay the other spouse’s attorney fee and expert fees as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties” (Chesner v Chesner, 95 AD3d 1252, 1253 [2012] [internal quotation marks omitted]). An award of expert fees will generally be warranted where, as here, there is a significant disparity in the financial circumstances of the parties (see id. at 1253; see generally Domestic Relations Law § 237 [a]). Nevertheless, the plaintiff testified at trial that the medical expert was paid $1,500 to testify in court and that no further sums were due and owing. The plaintiff failed to present any further evidence to establish the amount of the expert fees and, consequently, an award in the *874 sum of $2,450 is not supported. Furthermore, in light of the equitable distribution award and the fact that the medical expert’s testimony was relevant to issues raised by both parties, the defendant should have been directed to reimburse the plaintiff for one half of the expert fees. Accordingly, the award of the sum of $2,450 in expert fees to the plaintiff should be reduced to $750, equaling one half of the $1,500 fee paid to the medical expert.
The defendant’s remaining contentions are without merit. Mastro, J.E, Hall, Lott and Sgroi, JJ., concur.